■ The People of the State of New York, Respondent, v Sonnette Francis, Appellant. [757 NYS2d 909] —Lahtinen, J. Appeal, by permission, from an order of the Supreme Court (Ceresia, Jr., J.), entered January 23, 2002 in Rensselaer County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of attempted criminal sale of a controlled substance in the third degree and attempted criminal possession of a controlled substance in the fourth degree, without a hearing.

In October 1992, pursuant to a plea bargain, defendant pleaded guilty to two drug-related crimes in full satisfaction of various charges in two indictments. He was subsequently sentenced to prison terms of 2⅓ to 7 years for each crime, to be served concurrently with each other and concurrently with a federal sentence he was then serving. In April 2001, well after the expiration of the maximum terms of his sentence, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 (h) upon the ground that he had been denied his constitutional right to the effective assistance of counsel. Supreme Court denied the motion without a hearing. Defendant appeals pursuant to permission of this Court.

We affirm. Defendant argues that he was deprived of the effective assistance of counsel because his attorney did not move to dismiss the indictments on speedy trial grounds. Initially, we note that defendant's motion relies upon facts that were known and in the record when he pleaded guilty and the only affidavit submitted in support of the motion was from his appellate counsel, who ostensibly did not represent defendant until approximately eight years after he had pleaded guilty. Moreover, the merit of defendant's argument is belied by the record, which establishes that the People declared their readiness as to both indictments within less than a month of the time that defendant was indicted and, thereafter, reiterated their readiness. The record further reveals that defendant's counsel filed appropriate demands and negotiated a favorable plea for defendant. We thus find his contention that he was denied the effective assistance of counsel to be totally devoid of merit and unsupported.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed.